TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00492-CR

NO. 03-12-00493-CR






Chad Wayne Bunting, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NOS. 38319 & 39072, THE HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Chad Wayne Bunting pleaded guilty to the offense of possession of a
controlled substance, methamphetamine, in an amount of four grams or more but less than
200 grams, a second degree felony. See Tex. Health & Safety Code Ann. § 481.115(a), (d) (West
2010). At the same proceeding, appellant also pleaded guilty to an additional drug offense,
possession of a controlled substance, methamphetamine, in an amount of less than one gram, a state
jail felony. See id. § 481.115(a), (b) (West 2010). Pursuant to a plea bargain, appellant was placed
on deferred adjudication community supervision for a period of five years for both offenses. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2012). The State subsequently filed
identical motions to adjudicate appellant's guilt in both cases, alleging numerous violations. 

 At the revocation hearing, the trial court heard both motions in the same proceeding. 
Appellant pleaded true to violating the conditions of supervision. (1) Both the State and appellant
presented evidence regarding punishment. At the conclusion of the evidence, appellant requested
the opportunity to go to SAFPF (Substance Abuse Felony Punishment Facility), see Tex. Gov't Code
Ann. § 493.009 (West 2012); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 14 (West Supp.
2012) (describing Substance Abuse Felony Program as condition of community supervision), to
address his drug problem. The State argued that rehabilitative efforts were unwarranted given
appellant's involvement in dealing, not just using, drugs. The trial court granted the State's motions,
adjudicated appellant guilty of both offenses, and sentenced him to serve 11 years in prison for the
second-degree possession offense and two years in a state jail facility for the state-jail possession
offense. See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5(b), 21 (West Supp. 2011); Tex. Penal Code
Ann. §§ 12.33, 12.35 (West 2011).

 In each case, appellant's court-appointed attorney has filed a motion to withdraw
supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the
requirements of Anders v. California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See Anders v. California,
386 U.S. 738, 744 (1967); Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); see also
Penson v. Ohio, 488 U.S. 75 (1988). Appellant's counsel provided copies of the brief to his client
and advised appellant of his right to examine the appellate records and file a pro se brief. See
Anders, 386 U.S. at 744; Garner, 300 S.W.3d at 766. No pro se brief or other written response has
been filed in either case.

 We have reviewed the records, including counsel's briefs and the record of the
adjudication hearing, and find no reversible error. See Anders, 386 U.S. at 744; Garner, 300 S.W.3d
at 766; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel
that the records present no arguably meritorious grounds for review and the appeals are frivolous. 
Counsel's motions to withdraw are granted.

 However, we note that the judgment adjudicating guilt in cause number 38319 orders
Bunting to pay attorney's fees in the amount of $675.00. A trial court's authority to order a
defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court
determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc.
Ann. art. 26.05(g) (West Supp. 2010). The defendant's financial resources and ability to pay are
explicit critical elements under article 26.05(g) that must be supported by the record evidence. 
Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When the evidence does not support
the order to pay attorney's fees, the proper remedy is to delete the order. Id. at 557.

 The record reflects that the trial court found Bunting indigent and appointed counsel
to represent him at the revocation hearing and again on appeal. Once an accused is found to be
indigent, he is presumed to remain so through the proceedings absent proof of a material change in
his circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); Mayer, 309 S.W.3d
at 557. Nothing in the record indicates a change in Bunting's financial circumstances. Further, the
record contains no determination by the trial court that Bunting has the ability to pay attorney's fees
and we find no factual basis in the record to support such a determination. We, therefore, modify
the judgment adjudicating guilt in cause number 38319 to delete the order that Bunting pay $675.00
in attorney's fees. See Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (appellate
court has authority to modify incorrect judgment when necessary information is available to do so);
Tex. R. App. P. 43.2(b); see also Boone v. State, No. 03-10-00440-CR, 2011 WL 3250573, at *1
(Tex. App.--Austin July 28, 2011) (mem. op., not designated for publication) (modifying judgment
by deleting attorney's fees from bill of costs before affirming conviction in frivolous appeal
under Anders).

 As modified, the judgment adjudicating guilt in cause number 38319, appellate cause
no. 03-12-00492-CR, is affirmed. The judgment adjudicating guilt in cause number 39072, appellate
cause no. 03-12-00493-CR, is affirmed.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

03-12-00492-CR Modified and, as Modified, Affirmed

03-12-00493-CR Affirmed

Filed: December 13, 2012

Do Not Publish
1. Specifically, appellant admitted to using illegal drugs, associating with another person on
felony probation, failing to report to his supervision officer, leaving Burnet County without
permission, failing to complete community service work, failing to pay various fees and court costs,
failing to maintain or show proof of suitable employment, failing to attend and complete a drug and
alcohol evaluation, failing to attend Narcotics Anonymous as directed and provide verification of
attendance to his supervision officer, failing to complete the drug offender education class, and
failing to attend and successfully complete a victim impact panel.